# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DONALD WALKER JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0177** (BOR Appeal No. 2048630)
(Claim No. 2013001416)

**CITY OF MADISON,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Donald Walker Jr., by Wendle Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Madison, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2014, in which the Board reversed a July 22, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 6, 2012, decision denying the claim and instead held the claim compensable for a right rotator cuff tear. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Walker, a civic center manager, was injured in the course of his employment on May 23, 2012, while pulling on a weed eater. Mr. Walker has a history of right shoulder pain. In a treatment note dated May 16, 2012, W. J. Chapman, D.O., indicated that Mr. Walker reported pain in his right arm and shoulder. He noted a history of a clavicle injury and gave Mr. Walker a right shoulder tendon sheath injection to treat osteoarthritis. Mr. Walker returned to Dr. Chapman on May 24, 2012, and reported stabbing pain in his right shoulder. He did not report a

1

work-related injury at that time. Mr. Walker filled out an incident report on May 25, 2012, indicating that he injured his right shoulder while attempting to start a weed eater. A right shoulder MRI showed, on May 29, 2012, that Mr. Walker had a full thickness tear of the supraspinatus tendon; infraspinatus tendinopathy with peritendinitis; a small joint effusion; and a deformity at the acromioclavicular joint, presumably postsurgical. Mr. Walker was then treated by Leandro Galang, M.D., who diagnosed a rotator cuff tear in July of 2012. It was noted that Mr. Walker had previously undergone surgery on his right shoulder to treat an acromioclavicular joint separation and was diagnosed with osteoarthritis in both shoulders. The employee's and physician's report of injury indicates that Mr. Walker sustained a right rotator cuff tear in the course of his employment. Based upon this information, the claims administrator rejected the claim on August 6, 2012.

Affidavits were submitted by three of Mr. Walker's coworkers. Steve Stevenson, Mr. Walker's supervisor, stated in his affidavit that Mr. Walker was able to perform all of his duties since he was hired, including using a sledgehammer. On May 23, 2012, he suffered an injury to his right shoulder while attempting to start a weed eater. Jerry Smith, a co-worker, witnessed the injury and reported to Mr. Stevenson that Mr. Walker injured his shoulder and fell to his knees in pain. Since the injury, Mr. Walker has been limited regarding what he can do at work. Jerry Smith stated in an affidavit that he worked with Mr. Walker and witnessed the May 23, 2012, injury. He said that Mr. Walker attempted to start a weed eater and injured his right shoulder. He fell to his knees in pain. Prior to that date, Mr. Smith had worked with Mr. Walker several times, and Mr. Walker was always able to perform his duties. Mr. Smith witnessed him using a hammer and a sledgehammer with his right arm without difficulty prior to the injury. Lastly, Chet Burgess, city manager for the City of Madison, stated in an affidavit that Mr. Walker was able to perform all of his work duties until he was injured on May 23, 2012.

Mr. Walker underwent arthroscopic surgery to treat his rotator cuff tear on November 27, 2012. Stanley Tao, M.D., who performed the surgery, indicated that the operation was for the treatment of chronic right shoulder pain that was worsened by a recent lifting injury. Mr. Walker testified in a hearing before the Office of Judges on February 5, 2013. He stated that he saw a doctor the day after he injured his shoulder. He waited a day because he already had an appointment scheduled. He asserted that Dr. Tao performed surgery and informed Mr. Walker that he had a fresh tendon tear in the right shoulder. He also told him that he did not have osteoarthritis in the right shoulder.

A records review was performed by Christopher Martin, M.D., on March 23, 2013. Dr. Martin opined that the medical evidence does not support Mr. Walker's allegation that he injured his shoulder on May 23, 2012. He opined that Mr. Walker reported essentially the same symptoms on May 16, 2012. Dr. Martin also found that the mechanism of injury is not compatible with the MRI findings. Instead, the findings are consistent with chronic degenerative changes. He stated that, at best, there may have been a transient exacerbation in his right shoulder symptoms but nothing that would cause the persistent problems for which Mr. Walker was surgically treated. An April 29, 2013, MRI revealed post-surgical changes, a rotator cuff repair, a full thickness tear of the supraspinatus tendon, a partial thickness tear of the infraspinatus tendon, a joint effusion, and glenohumeral degenerative joint disease.

The Office of Judges reversed the claims administrator's decision in its July 22, 2013, Order. It found that there was no factual evidence disputing Mr. Walker's account of his injury on May 23, 2012. In fact, there are three affidavits from coworkers supporting his account of the injury. The Office of Judges found that there was not a lot of medical evidence relating Mr. Walker's current condition to his injury. However, the Office of Judges found that Mr. Walker has consistently given the same account of the alleged injury. Though he had prior problems with his left shoulder, in his testimony, he stated that he had never experienced the kind of pain in his right shoulder that he developed after the alleged injury. The MRI noted a full thickness tear for which he underwent surgery performed by Dr. Tao. The Office of Judges found that Dr. Martin opined in his record review that he did not believe the injury was work-related and that the condition was pre-existing. He did state, however, that it was possible the incident was an exacerbation of Mr. Walker's prior right shoulder problem. Based upon the evidence, the Office of Judges concluded that it was more likely than not that Mr. Walker's right rotator cuff tear arose in the course of and resulting from his employment.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision on January 23, 2014. It found that the Office of Judges was clearly wrong. Mr. Walker was treated by Dr. Chapman on May 24, 2012, and did not mention an injury that occurred the day before. He previously had right shoulder surgery and was treated with an injection on May 16, 2012, for constant stabbing pain. The Board of Review found that Dr. Martin stated in his record review that there was no medical evidence to support Mr. Walker's allegation, and the mechanism of injury was not consistent with a rotator cuff tear. He concluded that the MRI and surgical findings were consistent with longstanding chronic degenerative changes. The Board of Review therefore found that Mr. Walker failed to sustain his burden of proof.

On appeal, Mr. Walker argues that there is no evidence of record to contradict the affidavits of himself, his coworkers, and his supervisor who all stated that he was injured in the course of his employment. He also argues that the medical evidence supports his claim, particularly the reports of Dr. Tao, his treating orthopedic surgeon. The City of Madison asserts, per Dr. Martin's report, that Mr. Walker had a prior right shoulder condition and surgery. It further asserts that the mechanism of injury was not consistent with a torn rotator cuff and was instead consistent with longstanding chronic degenerative changes.

After review, we find that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. Mr. Walker testified that he did not report his work-related injury to Dr. Chapman on May 24, 2012, because he did not intend to file a claim. While he previously underwent right shoulder surgery, the surgery was to treat an acromioclavicular joint separation and did not involve the rotator cuff. He testified in a hearing before the Office of Judges that the pain he developed after the work-related injury was different than pain that he previously experienced. Even if Mr. Walker had pre-existing degenerative joint disease, it has been well established that a worker who, in the course of his employment, sustains an injury that aggravates or accelerates a pre-existing disease to the extent of causing a disability sooner than would otherwise have occurred, is still entitled to workers'

3

compensation benefits. *See, eg., Manning v. State Comp. Comm'r*, 124, W. Va. 620, 22 S.E.2d 299 (1942). Therefore, even if Mr. Walker's pre-existing degenerative joint disease could have eventually resulted in a rotator cuff tear, he is not barred from workers' compensation benefits for a tear that occurred in the course of and resulting from his employment. In support, there are three affidavits of record indicating that Mr. Walker injured his right shoulder in the course of his employment on May 23, 2012, including an eyewitness. Mr. Walker, a coworker, and two supervisors all asserted that Mr. Walker was able to perform all of his job duties prior to his May 23, 2012, injury. After the injury, he was unable to perform many of his duties. The evidentiary record shows that the Office of Judges was not clearly wrong to find the injury compensable.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the July 22, 2013, Order of the Office of Judges.

Reversed and remanded.

**ISSUED:  January 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II